IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kenyon Dajuan Gaither,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:07-CR-00208-TLW<br>C/A No. 4:16-CV-01817-TLW<br><br><br>**ORDER** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Kenyon Dajuan Gaither. ECF No. 609. For the reasons stated below, the Court dismisses the petition.

## I.     Factual and Procedural History

Petitioner pled guilty to a charge of Conspiracy to Possess with Intent to Distribute and to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine. ECF Nos. 215, 216. As set forth in the plea agreement, the Government withdrew all but one of the 21 U.S.C. § 851 enhancements it had initially filed, such that Petitioner was held accountable for only one prior felony drug conviction at sentencing. ECF No. 212, ¶ 11. Accordingly, the Court sentenced him to a 240-month term of incarceration pursuant to the mandatory minimum sentence under §§ 841 and 851. ECF Nos. 331, 346, 347. The Fourth Circuit affirmed Petitioner's conviction and sentence on direct appeal. ECF Nos. 401, 402.

Petitioner timely filed this § 2255 petition, asserting his sentence was improperly enhanced under 21 U.S.C. § 851 based on certain prior convictions. ECF No. 609. The Government filed a response in opposition and motion for summary judgment. ECF Nos. 613, 614. Petitioner was

1

advised of his right to file a response to the Government's motion for summary judgment, ECF No. 616, but he failed to do so. This matter is now ripe for decision.

## II.     28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a); Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting United States v. Mikalajunas, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's filings, and finds that no hearing is necessary.

## III.    Standard of Review

Petitioner brings this motion pro se. Courts are required to construe liberally pleadings

2

filed by pro se litigants to allow for the development of potentially meritorious claims. See Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

The Government filed a motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage, the Court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson v. Liberty Lobby Inc., 447 U.S. 242, 255 (1986).

**IV.   Discussion**

Based on a liberal reading of the petition, Petitioner advances two arguments as to why his sentence was improperly enhanced under § 851 based on certain prior convictions. First, he asserts the statutory provisions defining which prior drug convictions trigger the application of enhanced penalties under §§ 851 and 841 are unconstitutionally vague. He cites Johnson v. United States, 135 S.Ct. 2551 (2015) and Welch v. United States, 136 S.Ct. 1257 (2016) as support for this contention. Second, Petitioner asserts that because he was not sentenced to more than one year for his prior drug convictions, those convictions do not qualify as "felony drug offenses" under § 802(44). In support of this argument he cites Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010).

The Court does not find there is merit to this petition. As set forth in the Government's

motion for summary judgment, because the predicate convictions which increased Petitioner's statutory minimum sentence were for drug offenses, the decisions in Johnson and Welch have no bearing on his case. ECF No. 613 at 4-5. Furthermore, because Gaither could have received more than one year in prison for each of his prior South Carolina drug convictions, they each qualify as convictions for "felony drug offense[s]" under § 802(44), and thus, Carachuri-Rosendo does not apply to this case. See id. at 5-7; S.C. Code Ann. § 44-53-370(b)(1) (stating the statutory maximum for Petitioner's prior drug offenses under South Carolina law, even for a first offense, is 15 years' imprisonment). Moreover, the record reflects that Petitioner stipulated and agreed that he had two or more prior felony drug convictions in his Plea Agreement. ECF No. 212, ¶ 12. Accordingly, Petitioner's sentence was properly enhanced based on his prior drug convictions and his sentence of 240 months' imprisonment remains valid.

## V.   Conclusion

For the reasons stated, the Government's Motion for Summary Judgment, ECF No. 614, is GRANTED and Petitioner's petition for relief pursuant to § 2255, ECF No. 609, is DENIED. This action is hereby DISMISSED.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

March 31, 2017
Columbia, South Carolina

5