IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:07-cr-00208-TLW-6 |
| v. | **Order** |
| Kenyon Dajuan Gaither | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Conspiracy to Possess With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. The Government filed a § 851 Information listing convictions, but at sentencing and pursuant to the parties' plea agreement, the Government withdrew all but one. Sent. Tr. 31:20–24 This made his statutory sentencing range 20 years to Life, followed by at least 10 years of supervised release. PSR ¶¶ 99, 104; Sent Tr. 33:18–24. His Guidelines range at sentencing—after taking into account the applicable mandatory minimum—was 240 months, followed by 10 years of supervised release.[1] PSR ¶¶ 100, 107; Sent Tr. 33:15–20. The Court imposed

---

[1] His Guidelines range absent the mandatory minimum would have been 188 to 235 months (33/IV). PSR ¶ 100.

a 240-month sentence, followed by a 10-year term of supervised release. ECF No. 346.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. § 841(b)(1)(A)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the threshold amounts of crack from 50 grams to 280 grams.

The Government takes the position that Defendant is not eligible for relief under the First Step Act because the crack weight for which he was held accountable at sentencing—625.25 grams—exceeds the current § 841(b)(1)(A)(iii) threshold of 280 grams. *See* ECF No. 649 at 4–5. The issue of the applicable crack weight will be discussed in detail below, but regardless of that issue, the Fourth Circuit has recently made it clear that eligibility for a First Step Act reduction depends on the statute of conviction, not the drug weight established at sentencing. In *United States v. Wirsing*, the Fourth Circuit considered the question of when a defendant is eligible for relief under the First Step Act, ultimately holding that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 841(b)(1)(A)(iii) or (B)(iii)—

both of which were modified by Section 2 of the Fair Sentencing Act—is serving 'a sentence for a covered offense' and may seek a sentence reduction under the First Step Act." 943 F.3d 175, 185 (4th Cir. 2019) (citations omitted). Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(A)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act and 18 U.S.C. § 3582(c)(1)(B). In light of the First Step Act, his reduced statutory sentencing range is 10 years to Life, followed by at least 8 years of supervised release. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (setting forth the current penalties for a defendant who is convicted of possessing with intent to distribute at least 28 grams but less than 280 grams of crack).

In Defendant's motion, he implicitly requests a full resentencing hearing because he disputes the continued validity of his § 851 enhancement. *See* ECF No. 647 at 3–4. The Government argues that he is not entitled to a full resentencing. *See* ECF No. 649 at 7–9.

Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also Wirsing*, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary

resentencing.").

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

The Government argues that, even if the Court concludes that Defendant is eligible for a sentence reduction, the Court should exercise its discretion to deny a reduction, primarily because his crack weight exceeds the current 280-gram threshold. *See* ECF No. 649 at 6–7. Though the Court has found this position persuasive in other First Step Act cases, the circumstances of this case dictate otherwise.

The transcript of the original sentencing in this case shows that there was a significant dispute about the drug amounts assigned to Defendant for sentencing purposes. As will be discussed, at the time of his original sentencing, the drug weight argument was irrelevant, but the First Step Act makes that argument relevant to the question of whether a sentence reduction is warranted. A full resentencing hearing would not change the analysis here as the transcript of the original sentencing clearly shows that Defendant challenged the drug weight assigned to him.

The PSR held Defendant accountable for 625.25 grams of crack. PSR ¶ 36. Prior to sentencing, defense counsel filed numerous objections to that drug weight. *See* PSR Addendum. Out of all the paragraphs in the PSR that put drug weight on Defendant, the only ones he did not object to were Paragraphs 17, 30, 31, 32, 33, 34,

35. The drug weights from those paragraphs add up to 114.44 grams of crack, which is below the 280-gram threshold.

At sentencing, defense counsel said that he wanted to withdraw the objections, but when the Court asked Defendant if that was what he wanted to do, he indicated that he wanted to proceed with the objections to challenge the drug weight assigned to him. *See* Sent. Tr. 2:13–3:16. Ultimately, after much discussion between the Court, the AUSA, defense counsel, and Defendant, the Court did not rule on the objections. His sentence was controlled by his admission—both at the plea hearing and then reiterated at sentencing—that he conspired to distribute at least 50 grams of crack, which brought into play the 20-year mandatory minimum. Regardless of the outcome of his drug weight objections, that mandatory 20-year statutory sentence trumped the otherwise-applicable Guidelines range. *See* Sent. Tr. 32:2–33:20.

At this time, more than a decade after Defendant's sentencing hearing, it is not possible to determine whether he would have prevailed on his objections had the Court ruled on them. But in light of the transcript of the sentencing, his crack weight was between 114.44 grams and 625.25 grams. Because the crack weight on the low end of that range is below the 280-gram threshold made applicable by the Fair Sentencing Act and the First Step Act, an outright denial of a sentence reduction is not warranted in this case.

The Sentence Reduction Report uses the 625.25-gram crack weight to calculate a total offense level of 29, which is based on a base offense level of 30,[2] a two-level

---

[2] A base offense level 30 applies to a crack weight between 280 grams and 840 grams.

enhancement for possession of a firearm, and a three-level reduction for acceptance of responsibility. When combined with his criminal history category of IV, Probation calculated his post-First Step Act Guidelines range at 121 to 151 months. Recalculating the Guidelines under the 114.44-gram crack weight results in a total offense level of 25, which is based on a base offense level of 26,[3] a two-level enhancement for possession of a firearm, and a three-level reduction for acceptance of responsibility. Combined with his criminal history category of IV, his range would be 84 to 105 months, though that would be trumped by the now-applicable mandatory minimum of 120 months, which becomes the Guidelines range.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. Pursuant to the First Step Act, Defendant's motion, ECF No. 647, is **GRANTED**. Defendant is now sentenced to a term of imprisonment of 180 months or time served, whichever is greater.[4] This

---

U.S.S.G. § 2D1.1(c)(5).

[3] A base offense level 26 applies to a crack weight between 112 grams and 196 grams. U.S.S.G. § 2D1.1(c)(7).

[4] Pursuant to *United States v. Ketter*, 908 F.3d 61 (4th Cir. 2018), to the extent that a sentence of time served constitutes an upward variance, having carefully considered the record in this case and the § 3553(a) factors, the Court concludes that such a variance is warranted. *See, e.g., United States v. Laguerre*, No. 5:02-cr-30098-3, 2019 WL 861417, at *3–4 (W.D. Va. Feb. 22, 2019) ("In particular, the need to protect the public and the need for deterrence dictates that a defendant not be allowed to 'bank time,' which could allow him to commit further crimes without the fear of imprisonment. . . . The court also considers the need to avoid unwarranted sentencing disparities and the fact that other courts granting reductions under the First Step

sentence is in the middle of the 10-year sentence that would be imposed based on his asserted drug weights and the 20-year sentence imposed and sought by the Government at the original sentencing.  Again, Defendant challenged the drug weight at the original sentencing.  Upon his release from incarceration, he must serve a term of supervised release of 8 years.  An amended judgment will follow.

      **IT IS SO ORDERED.**[5]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

December 18, 2019
Columbia, South Carolina

---

Act have reduced to sentences of time served, even where a defendant had served more than the applicable guideline range.").

[5] In light of this ruling, the Court terminates as **MOOT** the remaining outstanding motion in this case, ECF No. 636.